# EXHIBIT A – 2

11/26/2014 10:53:19 AM
JOHN D. KINARD
District Clerk
Galveston County, Texas

14-CV-1251

CAUSE NO. _____

| | | |
|---|---|---|
| **DANIEL WAYNE EDWARDS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **GALVESTON COUNTY, TEXAS** |
| | § | |
| **MAGICAL CRUISE COMPANY** | § | **_____ JUDICIAL DISTRICT** |
| **LIMITED D/B/A DISNEY CRUISE** | § | Galveston County - 10th District Court |
| **LINES, GRS LOGISTICS, INC.,** | § | |
| **DANIEL EDWARDS ARRINGTON,** | | |
| **AND CHRIS LARGE** | | |

## PLAINTIFF'S ORIGINAL PETITION

### A.   PARTIES

1.     Plaintiff, DANIEL WAYNE EDWARDS, is a citizen of the State of Texas.

2.     Defendant, MAGICAL CRUISE COMPANY, LIMITED D/B/A DISNEY CRUISE LINES is a foreign corporation authorized to do business in Texas. Defendant may be served with process by serving its registered agent Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

3.     Defendant, GRS LOGISTICS, INC. is a corporation that is incorporated under the laws of the State of Florida and is doing business in Texas. Defendant has its principal place of business in the State of Florida. Defendant's registered agent for service of process in Florida is Ronnie Culpepper, 885 Meadowlark Ct. SE, Winter Haven, Florida 33884. Defendant does not have a registered agent for service of process in the State of Texas. Service of process on defendant may be made according to the laws of the State of Texas by serving the Texas Secretary of State.

4.     Defendant, DANIEL EDWARDS ARRINGTON, is an individual and a citizen of the State of Florida, and may be served with service of process at 2710 N. Florida Ave., Lakeland,

Status Conference - 02/19/2015

Florida 33805-2248.

5.     Defendant, CHRIS LARGE, is an individual and a citizen of Great Britain and may be served with service of process at his place of work, Magical Cruise Company, Ltd. at 3 Queen Caroline Street, LONDON, W6 9PE UNITED KINGDOM.

### B. JURISDICTION

6.     Defendants have sufficient contacts with Texas to provide the courts of this state with personal jurisdiction over them.  Pursuant to Texas Civil Practice & Remedies Code § 17.042(2), Defendants purposefully availed themselves of conducting activities in Texas by doing business in this state; and the causes of action asserted herein arise out of Defendants' contacts with Texas.  Additionally and alternatively, Defendants' contacts with Texas are so continuous and systematic that they confer jurisdiction on the courts of this state.

7.     As a court of general jurisdiction, this Court has subject matter jurisdiction over the claims asserted herein pursuant to Texas Government Code §§ 24.007–.008.

### C. VENUE

8.     Venue in Galveston County is proper in this cause under TEX. CIV. PRAC. & REM. CODE ANN. §15.002(a)(1) (Vernon 1985), because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Galveston County.

### D. FACTS

9.     This lawsuit results from an incident that occurred on or about December 29, 2012. Plaintiff, Daniel Edwards, was employed as a longshoreman in the Port of Galveston. Mr. Edwards was driving a forklift and was transferring cargo from a cruise ship known as the M/V DISNEY MAGIC into several tractor-trailers parked at the loading dock of Pier 28 in the Port

of Galveston.

10. The M/V DISNEY MAGIC was, at all relevant times, owned, operated, chartered, and/or managed by Defendant, MAGICAL CRUISE COMPANY LIMITED D/B/A DISNEY CRUISE LINES (hereinafter "Magical Cruise").

11. Defendant CHRIS LARGE (hereinafter "Large"), was an agent, employee, and/or representative of Magical Cruise.  Large was supervising the transfer of cargo from the M/V DISNEY MAGIC into the tractor-trailers parked at Pier 28.

12. The tractor-trailer involved in this incident was owned and/or operated by Defendant, GRS LOGISTICS, INC. (hereinafter "GRS").

13. DANIEL EDWARDS ARRINGTON, (hereinafter "Arrington") was an employee of GRS and was the driver of the tractor-trailer in question.

14. Large instructed the clerk/checker for Mr. Edwards' employer to have Mr. Edwards load the cargo he was moving with his forklift into Arrington's tractor-trailer.  Arrington was standing some distance away speaking to an unidentified person and was apparently not paying attention to the loading operations being conducted in his tractor-trailer.

15. The gap between the rear of Arrington's tractor-trailer and the loading dock was spanned by a large heavy metal loading plate which Mr. Edwards and his fellow forklift drivers drove across to gain access to Arrington's tractor trailer.

16. Pursuant to Large's instructions, as conveyed to Mr. Edwards by his employer's clerk/checker, Mr. Edwards began to drive his forklift across the large metal loading plate into

the rear of Arrington's tractor-trailer.

17.     Arrington jumped into the cab of his tractor and proceeded to pull his trailer away from the loading dock without bothering to warn anyone, without checking to see if the metal loading plate had been removed from the rear of his trailer, without closing the doors on his trailer, and without attempting to coordinate his efforts with Large, the clerk/checker, or Mr. Edwards.

18.     As Arrington's truck pulled away from the loading dock, the rear doors of his trailer were still open, the large metal loading plate spanning the gap between Arrington's truck and the loading dock was still in place, and Mr. Edwards' forklift was sitting on the metal loading plate. The metal plate fell to the ground carrying Mr. Edwards and his forklift with it.

19.     As a result of the incident, Mr. Edwards suffered serious injuries and has received extensive medical care.

### E. NEGLIGENCE

20.  Plaintiff would show that the incident in question was proximately caused, in whole or in part, by the negligence of the Defendants, jointly and severally, acting through their agents, servants, officers and/or employees in the course and scope of their employment.

21.  Defendant MAGICAL CRUISE COMPANY LIMITED D/B/A DISNEY CRUISE LINES had a duty to exercise the degree of care that a reasonably prudent company would use under the same or similar circumstances. Defendant MAGICAL CRUISE COMPANY LIMITED D/B/A DISNEY CRUISE LINES breached its duty to Mr. Edwards in one or more of the following ways:

a.   Instructing the clerk to load the cargo into Arrington's trailer without communicating with Arrington, thereby creating an unreasonable risk of harm;

b.   Failing to coordinate the efforts of Arrington, Mr. Edwards, and Mr. Edwards' employer, thereby creating an unreasonable risk of harm;

c.   Failing to warn Mr. Edwards and Mr. Edwards' employer that Arrington intended to pull away from the loading dock;

d.   Allowing Arrington to pull away from the loading dock when it was not safe to do so;

e.   Failing to direct Arrington in a safe and prudent manner;

f.   Failing to exercise reasonable care to avoid a foreseeable risk to others;

g.   Failing to exercise reasonable care to train Chris Large to safely supervise cargo operations of the type taking place on the date in question;

h.   Failing to adopt safety procedures and guidelines for its employees like Chris Large and its contractors like Arrington and GRS;

i.   Failing to use ordinary care in protecting others from peril when the peril was under Defendant's control; and,

j.   Failing to act as a company of ordinary prudence would have acted under the same or similar circumstances.

22. Defendant GRS LOGISTICS, INC. had a duty to exercise the degree of care that a

reasonably prudent company would use under the same or similar circumstances. Defendant GRS LOGISTICS, INC. breached its duty to Mr. Edwards in one or more of the following ways:

    a.    Failing to adopt safe procedures to prevent its trucks from pulling away from loading docks without first inspecting that all loading procedures have been complete before pulling away from dock area;

    b.    Failing to implement or enforce procedures to require that its drivers first inspects their trucks to ensure that all loading/unloading activities have been concluded before pulling away from loading docks;

    c.    Failing to implement and/or enforce procedures to prevent drivers from pulling away from loading docks when it is not safe to do so;

    d.    Failing to adequately train its employee, Arrington;

    e.    Failing to adequately supervise Defendant Arrington; and,

    f.    Failing to act as a company of ordinary prudence would have acted under the same or similar circumstances.

23.    Defendant DANIEL EDWARDS ARRINGTON had a duty to exercise ordinary care and to operate his vehicle in a reasonable and prudent manner in order to avoid harm to others under circumstances similar to those described herein. Defendant breached that duty of care in the following ways:

    a.    Failing to coordinate his actions with Large, Mr. Edwards, and Mr. Edwards'

employer;

b.      Failing to provide adequate warning that he was pulling away from the loading dock;

c.      Failing to inspect the rear of his tractor-trailer before pulling away from the loading dock;

d.      Pulling away from loading dock when it was not safe to do so;

e.      Failing to follow applicable procedures with respect to checking the status of loading operations before pulling away from the loading dock;

f.      Failing to follow applicable procedures with respect to making sure the loading procedure had been completed before pulling away from the loading dock;

g.      Failing to observe that the heavy loading plate was still in place before pulling away from the loading dock;

h.      Failing to keep a proper lookout;

i.      Failing to exercise reasonable care to avoid a foreseeable risk to others;

j.      Failing to use ordinary care in protecting others from peril when the peril was under Defendant's control; and

k.      Failing to act as a person of ordinary prudence would have acted under the same or similar circumstances.

24.   Defendant CHRIS LARGE had a duty to exercise the degree of care that a reasonably

*Plaintiff's Original Petition*                                    *Page 7 of 10*

prudent person would use under the same or similar circumstances Defendant breached that duty of care in one or more of the following ways:

    a.    Instructing the clerk to load the cargo into Arrington's trailer without communicating with Arrington, thereby creating an unreasonable risk of harm;

    b.    Failing to coordinate the efforts of Arrington, Mr. Edwards, and Mr. Edwards' employer, thereby creating an unreasonable risk of harm;

    c.    Failing to warn Mr. Edwards and Mr. Edwards' employer that Arrington intended to pull away from the loading dock;

    d.    Allowing Arrington to pull away from the loading dock when it was not safe to do so;

    e.    Failing to direct Arrington in a safe and prudent manner;

    f.    Failing to exercise reasonable care to avoid a foreseeable risk to others;

    g.    Failing to use ordinary care in protecting others from peril when the peril was under Defendant's control; and,

    h.    Failing to act as a person of ordinary prudence would have acted under the same or similar circumstances.

25. Because Defendant DANIEL EDWARDS ARRINGTON was operating the tractor/trailer within the scope of his employment and duties with Defendant GRS LOGISTICS, INC., by virtue of the theory of *respondeat superior* Defendant GRS LOGISTICS, INC. is liable for all acts and omissions of negligence of its agent,

employee or representative, Defendant DANIEL EDWARDS ARRINGTON.

26.    Because Defendant CHRIS LARGE was working within the scope of his employment

and duties with Defendant MAGICAL CRUISE COMPANY LIMITED D/B/A DISNEY

CRUISE LINES, by virtue of the theory of *respondeat superior* Defendant MAGICAL

CRUISE COMPANY LIMITED D/B/A DISNEY CRUISE LINES is liable for all acts

and omissions of negligence of its agent, employee or representative, Defendant CHRIS

LARGE.

## F.  PLAINTIFF'S DAMAGES

27.    As a direct and proximate result of defendants' negligence, Mr. Edwards suffered the

following injuries and damages.

   a.    Physical pain and mental anguish in the past and future.

   b.    Lost earnings.

   c.    Loss of earning capacity.

   d.    Disfigurement in the past and future.

   e.    Physical impairment in the past and future.

   f.    Medical expenses in the past and future.

## G. PRAYER

28.   For these reasons, plaintiff asks for judgment against defendants for the following:

   a.    Actual damages.

b.      Pre-judgment and post-judgment interest.

c.      Costs of suit.

d.      All other relief the Court deems appropriate.

Respectfully submitted,

LaGarde Law Firm, P.C.

RICHARD L. LAGARDE
SBN: 11819550
MARY ELLIS LAGARDE
SBN: 24037645
3000 Weslayan Street, Suite 380
Houston, Texas 77027
Telephone:  (713) 993-0660
Facsimile:  (713) 993-9007
Email: richard@lagardelaw.com

**ATTORNEYS FOR PLAINTIFF,
DANIEL WAYNE EDWARDS**

12/17/2014 1:55:40 PM
JOHN D. KINARD
District Clerk
Galveston County, Texas

CAUSE NO. 14-CV-1251

| | | |
|---|---|---|
| **DANIEL WAYNE EDWARDS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **GALVESTON COUNTY, TEXAS** |
| | § | |
| **MAGICAL CRUISE COMPANY** | § | **10TH JUDICIAL DISTRICT** |
| **LIMITED D/B/A DISNEY CRUISE** | § | |
| **LINES, GRS LOGISTICS, INC.,** | § | |
| **DANIEL EDWARDS ARRINGTON,** | § | |
| **CRISPIAN LARGE, AND HEMANT** | § | |
| **J. KINALKER** | § | |

## PLAINTIFF'S FIRST AMENDED PETITION

### A.   PARTIES

1.   Plaintiff, DANIEL WAYNE EDWARDS, is a citizen of the State of Texas.

2.   Defendant, MAGICAL CRUISE COMPANY, LIMITED D/B/A DISNEY CRUISE LINES has been served with service of process. Plaintiff's First Amended Petition will be served upon Defendant's counsel.

3.   Defendant, GRS LOGISTICS, INC. has been served with service of process. Plaintiff's First Amended Petition will be served upon Defendant's counsel.

4.   Defendant, DANIEL EDWARDS ARRINGTON has been served with service of process. Plaintiff's First Amended Petition will be served upon Defendant's counsel.

5.   Defendant, CRISPIAN LARGE, is an individual and a citizen of the State of Florida and may be served with service of process at 5160 Regatta Drive, Kissimmee, Florida 34746-5588.

6.   Defendant, HEMANT J. KINALKER, is an individual and may be served with service of process at his place of work, Magical Cruise Company, Limited by serving their registered

agent Jeffrey S. Craigmile, 1375 Buena Vista Drive, 4th Floor North, Lake Buena Vista, Florida, 32830.

### B. JURISDICTION

7.       Defendants have sufficient contacts with Texas to provide the courts of this state with personal jurisdiction over them.   Pursuant to Texas Civil Practice & Remedies Code § 17.042(2), Defendants purposefully availed themselves of conducting activities in Texas by doing business in this state; and the causes of action asserted herein arise out of Defendants' contacts with Texas.   Additionally and alternatively, Defendants' contacts with Texas are so continuous and systematic that they confer jurisdiction on the courts of this state.

8.       As a court of general jurisdiction, this Court has subject matter jurisdiction over the claims asserted herein pursuant to Texas Government Code §§ 24.007–.008.

### C. VENUE

9.    Venue in Galveston County is proper in this cause under TEX. CIV. PRAC. & REM. CODE ANN. §15.002(a)(1) (Vernon 1985), because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Galveston County.

### D. FACTS

10.  This lawsuit results from an incident that occurred on or about December 29, 2012. Plaintiff, Daniel Edwards, was employed as a longshoreman in the Port of Galveston. Mr. Edwards was driving a forklift and was transferring cargo from a cruise ship known as the M/V DISNEY MAGIC into several tractor-trailers parked at the loading dock of Pier 28 in the Port of Galveston.

11.  The M/V DISNEY MAGIC was, at all relevant times, owned, operated, chartered, and/or managed by Defendant, MAGICAL CRUISE COMPANY LIMITED D/B/A DISNEY CRUISE LINES (hereinafter "Magical Cruise").

12.  Defendant CRISPIAN LARGE (hereinafter "Large"), was an agent, employee, and/or representative of Magical Cruise.  Large was supervising the transfer of cargo from the M/V DISNEY MAGIC into the tractor-trailers parked at Pier 28.

13.  Defendant HEMANT J. KINALKER (hereinafter "Kinalker"), was an agent, employee, and/or representative of Magical Cruise. Kinalker was supervising the transfer of cargo from the M/V DISNEY MAGIC into the tractor-trailers parked at Pier 28.

14.  The tractor-trailer involved in this incident was owned and/or operated by Defendant, GRS LOGISTICS, INC. (hereinafter "GRS").

15.  DANIEL EDWARDS ARRINGTON, (hereinafter "Arrington") was an employee of GRS and was the driver of the tractor-trailer in question.

16.  Large and Kinalker instructed the clerk/checker for Mr. Edwards' employer to have Mr. Edwards load the cargo he was moving with his forklift into Arrington's tractor-trailer. Arrington was standing some distance away speaking to an unidentified person and was apparently not paying attention to the loading operations being conducted in his tractor-trailer.

17.  The gap between the rear of Arrington's tractor-trailer and the loading dock was spanned by a large heavy metal loading plate which Mr. Edwards and his fellow forklift drivers drove across to gain access to Arrington's tractor trailer.

18. Pursuant to Large and Kinalker's instructions, as conveyed to Mr. Edwards by his employer's clerk/checker, Mr. Edwards began to drive his forklift across the large metal loading plate into the rear of Arrington's tractor-trailer.

19. Arrington jumped into the cab of his tractor and proceeded to pull his trailer away from the loading dock without bothering to warn anyone, without checking to see if the metal loading plate had been removed from the rear of his trailer, without closing the doors on his trailer, and without attempting to coordinate his efforts with Large, Kinalker, the clerk/checker, or Mr. Edwards.

20. As Arrington's truck pulled away from the loading dock, the rear doors of his trailer were still open, the large metal loading plate spanning the gap between Arrington's truck and the loading dock was still in place, and Mr. Edwards' forklift was sitting on the metal loading plate. The metal plate fell to the ground carrying Mr. Edwards and his forklift with it.

21. As a result of the incident, Mr. Edwards suffered serious injuries and has received extensive medical care.

### E. NEGLIGENCE

22. Plaintiff would show that the incident in question was proximately caused, in whole or in part, by the negligence of the Defendants, jointly and severally, acting through their agents, servants, officers and/or employees in the course and scope of their employment.

23. Defendant MAGICAL CRUISE COMPANY LIMITED D/B/A DISNEY CRUISE LINES had a duty to exercise the degree of care that a reasonably prudent company would use under the same or similar circumstances. Defendant MAGICAL CRUISE COMPANY

LIMITED D/B/A DISNEY CRUISE LINES breached its duty to Mr. Edwards in one or more of the following ways:

a.    Instructing the clerk to load the cargo into Arrington's trailer without communicating with Arrington, thereby creating an unreasonable risk of harm;

b.    Failing to coordinate the efforts of Arrington, Mr. Edwards, and Mr. Edwards' employer, thereby creating an unreasonable risk of harm;

c.    Failing to warn Mr. Edwards and Mr. Edwards' employer that Arrington intended to pull away from the loading dock;

d.    Allowing Arrington to pull away from the loading dock when it was not safe to do so;

e.    Failing to direct Arrington in a safe and prudent manner;

f.    Failing to exercise reasonable care to avoid a foreseeable risk to others;

g.    Failing to exercise reasonable care to train CRISPIAN LARGE to safely supervise cargo operations of the type taking place on the date in question;

h.    Failing to exercise reasonable care to train HEMANT J. KINALKER to safely supervise cargo operations of the type taking place on the date in question;

i.    Failing to adopt safety procedures and guidelines for its employees like CRISPIAN LARGE and HEMANT J. KINALKER and its contractors like Arrington and GRS;

j.    Failing to use ordinary care in protecting others from peril when the peril was under Defendant's control; and,

k.    Failing to act as a company of ordinary prudence would have acted under the same or similar circumstances.

24. Defendant GRS LOGISTICS, INC. had a duty to exercise the degree of care that a reasonably prudent company would use under the same or similar circumstances. Defendant GRS LOGISTICS, INC. breached its duty to Mr. Edwards in one or more of the following ways:

a.    Failing to adopt safe procedures to prevent its trucks from pulling away from loading docks without first inspecting that all loading procedures have been complete before pulling away from dock area;

b.    Failing to implement or enforce procedures to require that its drivers first inspects their trucks to ensure that all loading/unloading activities have been concluded before pulling away from loading docks;

c.    Failing to implement and/or enforce procedures to prevent drivers from pulling away from loading docks when it is not safe to do so;

d.    Failing to adequately train its employee, Arrington;

e.    Failing to adequately supervise Defendant Arrington; and,

f.    Failing to act as a company of ordinary prudence would have acted under the same or similar circumstances.

25.   Defendant DANIEL EDWARDS ARRINGTON had a duty to exercise ordinary care and to operate his vehicle in a reasonable and prudent manner in order to avoid harm to others under circumstances similar to those described herein. Defendant breached that duty of care in the following ways:

a.   Failing to coordinate his actions with Large, Kinalker, Mr. Edwards, and Mr. Edwards' employer;

b.   Failing to provide adequate warning that he was pulling away from the loading dock;

c.   Failing to inspect the rear of his tractor-trailer before pulling away from the loading dock;

d.   Pulling away from loading dock when it was not safe to do so;

e.   Failing to follow applicable procedures with respect to checking the status of loading operations before pulling away from the loading dock;

f.   Failing to follow applicable procedures with respect to making sure the loading procedure had been completed before pulling away from the loading dock;

g.   Failing to observe that the heavy loading plate was still in place before pulling away from the loading dock;

h.   Failing to keep a proper lookout;

i.   Failing to exercise reasonable care to avoid a foreseeable risk to others;

j.      Failing to use ordinary care in protecting others from peril when the peril was under Defendant's control; and

k.      Failing to act as a person of ordinary prudence would have acted under the same or similar circumstances.

26.   Defendant CRISPIAN LARGE had a duty to exercise the degree of care that a reasonably prudent person would use under the same or similar circumstances. Defendant breached that duty of care in one or more of the following ways:

a.      Instructing the clerk to load the cargo into Arrington's trailer without communicating with Arrington, thereby creating an unreasonable risk of harm;

b.      Failing to coordinate the efforts of Arrington, Mr. Edwards, and Mr. Edwards' employer, thereby creating an unreasonable risk of harm;

c.      Failing to warn Mr. Edwards and Mr. Edwards' employer that Arrington intended to pull away from the loading dock;

d.      Allowing Arrington to pull away from the loading dock when it was not safe to do so;

e.      Failing to direct Arrington in a safe and prudent manner;

f.      Failing to exercise reasonable care to avoid a foreseeable risk to others;

g.       Failing to use ordinary care in protecting others from peril when the peril was under Defendant's control; and,

h.    Failing to act as a person of ordinary prudence would have acted under the same or similar circumstances.

27.   Defendant HEMANT J. KINALKER had a duty to exercise the degree of care that a reasonably prudent person would use under the same or similar circumstances. Defendant breached that duty of care in one or more of the following ways:

a.    Instructing the clerk to load the cargo into Arrington's trailer without communicating with Arrington, thereby creating an unreasonable risk of harm;

b.    Failing to coordinate the efforts of Arrington, Mr. Edwards, and Mr. Edwards' employer, thereby creating an unreasonable risk of harm;

c.    Failing to warn Mr. Edwards and Mr. Edwards' employer that Arrington intended to pull away from the loading dock;

d.    Allowing Arrington to pull away from the loading dock when it was not safe to do so;

e.    Failing to direct Arrington in a safe and prudent manner;

f.    Failing to exercise reasonable care to avoid a foreseeable risk to others;

g.    Failing to use ordinary care in protecting others from peril when the peril was under Defendant's control; and,

h.    Failing to act as a person of ordinary prudence would have acted under the same or similar circumstances.

28.  Because Defendant DANIEL EDWARDS ARRINGTON was operating the tractor/trailer within the scope of his employment and duties with Defendant GRS LOGISTICS, INC., by virtue of the theory of *respondeat superior* Defendant GRS LOGISTICS, INC. is liable for all acts and omissions of negligence of its agent, employee or representative, Defendant DANIEL EDWARDS ARRINGTON.

29.  Because Defendant CRISPIAN LARGE was working within the scope of his employment and duties with Defendant MAGICAL CRUISE COMPANY LIMITED D/B/A DISNEY CRUISE LINES, by virtue of the theory of *respondeat superior* Defendant MAGICAL CRUISE COMPANY LIMITED D/B/A DISNEY CRUISE LINES is liable for all acts and omissions of negligence of its agent, employee or representative, Defendant CRISPIAN LARGE.

30.  Because Defendant HEMANT J. KINALKER was working within the scope of his employment and duties with Defendant MAGICAL CRUISE COMPANY LIMITED D/B/A DISNEY CRUISE LINES, by virtue of the theory of *respondeat superior* Defendant MAGICAL CRUISE COMPANY LIMITED D/B/A DISNEY CRUISE LINES is liable for all acts and omissions of negligence of its agent, employee or representative, Defendant HEMANT J. KINALKER.

## F. PLAINTIFF'S DAMAGES

31.    As a direct and proximate result of defendants' negligence, Mr. Edwards suffered the

following injuries and damages.

   a.    Physical pain and mental anguish in the past and future.

   b.    Lost earnings.

   c.    Loss of earning capacity.

   d.    Disfigurement in the past and future.

   e.    Physical impairment in the past and future.

   f.    Medical expenses in the past and future.

### G. PRAYER

32.    For these reasons, plaintiff asks for judgment against Defendants for the following:

   a.    Actual damages.

   b.    Pre-judgment and post-judgment interest.

   c.    Costs of suit.

   d.    All other relief the Court deems appropriate.

Respectfully submitted,

**LaGarde Law Firm, P.C.**

RICHARD L. LAGARDE
SBN: 11819550
MARY ELLIS LAGARDE
SBN: 24037645
3000 Weslayan Street, Suite 380
Houston, Texas 77027
Telephone:  (713) 993-0660
Facsimile:  (713) 993-9007
Email: richard@lagardelaw.com
          mary@lagardelaw.com

**ATTORNEYS FOR PLAINTIFF,
DANIEL WAYNE EDWARDS**

1/2/2015 9:50:59 AM
JOHN D. KINARD
District Clerk
Galveston County, Texas

## CAUSE NO. 14-CV-1251

| | | |
|---|---|---|
| **DANIEL WAYNE EDWARDS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **V.** | § | |
| | § | |
| **MAGICAL CRUISE COMPANY** | § | |
| **LIMITED D/B/A DISNEY CRUISE** | § | **GALVESTON COUNTY, TEXAS** |
| **LINES, GRS LOGISTICS, INC.,** | § | |
| **DANIEL EDWARDS ARRINGTON,** | § | |
| **CRISPIAN LARGE, AND HEMANT** | § | |
| **J. KINALKER** | § | **10TH JUDICIAL DISTRICT** |

### ANSWER OF DEFENDANT MAGICAL CRUISE COMPANY LIMITED D/B/A DISNEY CRUISE LINES TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, Magical Cruise Company Limited d/b/a Disney Cruise Lines (hereinafter "MCC" or "Defendant"), one of the Defendants herein, and in answer to Plaintiff's Original Petition, shows as follows:

## I.

By way of special exceptions, Defendant would respectfully show as follows:

(a)     Plaintiff's Petition fails to allege a cause of action against Defendant and should therefore be dismissed with prejudice;

(b)     Defendant specially excepts to Plaintiffs' failure to specify a quantum of monetary damages sought for each injury element claimed.

Of which special exceptions, each being taken separately and apart from each other, Defendant prays judgment of the Court.

## II.

## **GENERAL DENIAL**

Without waiving the foregoing special exceptions, but still insisting upon the same, for further answer herein, if any be necessary, Defendant, as authorized by Rule 92 of the Texas Rules of Civil Procedure, generally denies each and every, all and singular, the allegations contained in the Petition, and demands that Plaintiff be required to prove his charges and allegations as required by the Constitution and laws of the State of Texas and United States.

## III.

Without waiving the foregoing special exceptions, and general denial, but still insisting upon the same, for further answer and as a separate defense, if any be necessary, Defendant would show that if Plaintiff was injured as alleged, although it is not so acknowledged, such injuries were solely the result of his own negligence, and that said negligence was a proximate cause, in whole or in part, of his injuries, if any.

## IV.

Alternatively, without waiver of the foregoing, Defendant would show that Plaintiff's injuries, if any, resulted from an accident, and that such accident was unavoidable.

## V.

Without waiving the foregoing special exceptions, and general denial, but still insisting upon the same, for further answer herein, if any be necessary, as a separate defense, Defendant affirmatively alleges that the injuries about which the Plaintiff complains were legally caused by the acts or omissions of persons, entities and/or parties for whom the Defendant is not responsible. Defendant specifically invokes all statutory and common law rights of contribution,

comparative fault, comparative causation, comparative responsibility, indemnity, credit or offset to which it is entitled.

## VI.

Further answering, without waiving any of the foregoing, Defendant would show that Plaintiff has failed to mitigate his damages, if any.

## VII.

Further answering, without waiving any of the foregoing, Defendant asserts that the injuries about which Plaintiff complains were in no way caused by or connected to the incident which forms the basis of this suit.  To the extent that Plaintiff is currently impaired, such impairment is the result of conditions which existed prior to the occurrence made the basis of this action, or the natural progression of those pre-existing conditions.

## VIII.

Further answering, Defendant hereby pleads the limitation on recoverable damages concerning Plaintiff's medical or health care expenses, if any, to the amount actually paid or incurred by or on behalf of the Plaintiff.

## IX.

Further answering, Defendant asserts that if Plaintiff seeks recovery of loss of earnings, loss of earning capacity and/or loss of other contributions of a pecuniary value, evidence to prove the loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal and state income tax law.  Further, if Plaintiff seeks recovery for loss of earnings, loss of earning capacity and/or loss of other contributions of

pecuniary value, compensatory damages sought by Plaintiff are subject to federal and/or state income taxes.

## XII.

Further answering, Defendant pleads that any award of prejudgment interest on future damages in this case would violate the Due Process Clause as found in the United States and Texas Constitutions.

## XIII.

Defendant reserves the right to amend and/or supplement this Answer in conformity with the Texas Rules of Civil Procedure and all other applicable law.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that it have judgment in its behalf, together with all costs, and that Plaintiff takes nothing and go hence without day, and that Defendant have such other and further relief, both special and general, at law and in equity, to which it may be justly entitled.

Respectfully submitted,


Royston, Rayzor, Vickery and Williams LLP


By:  _/S/ John F. Unger_____
        John F. Unger
        State Bar No. 20690660
        Kelly M. Haas
        State Bar No. 24059874
        The Hunter Building
        306–22nd Street, Suite 301
        Galveston, TX  77550-1589
        (409) 763-1623 - Telephone
        (409) 763-3853 - Facsimile
        **Attorneys for Defendant,**
        **Magical Cruise Company Limited**
        **d/b/a Disney Cruise Lines**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 2nd day of January, 2015, a true and correct copy of the foregoing was served upon all counsel of record as listed below via fax and regular mail to:

### ***VIA FACSIMILE: (713) 993-9007***
Richard L. LaGarde
richard@lagardelaw.com
Mary Ellis LaGarde
LAGARDE LAW FIRM, P.C.
3000 Weslayan Street, Suite 380
Houston, TX 77027
*Attorneys for Plaintiff Daniel Wayne Edwards*


By:  */S/ John F. Unger*
OF ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.