Case 3:15-cv-00003   Document 87   Filed in TXSD on 10/06/16   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
October 06, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| DANIEL WAYNE EDWARDS § | |
| § | |
| V. § | CIVIL ACTION NO. G-15-003 |
| § | |
| MAGICAL CRUISE COMPANY § | |
| LIMITED d/b/a Disney Cruise Line; § | |
| GSR LOGISTICS, INC. § | |
| and DANIEL EDWARDS ARRINGTON § | |

## REPORT AND RECOMMENDATION

Before the Court, by referral, is the Motion for Summary Judgment of Defendant, Magical Cruise Company Limited d/b/a Disney Cruise Line (Disney); the Motion seeks the dismissal of the negligence claim asserted against Disney by Plaintiff, Daniel Wayne Edwards. Having carefully considered the relevant Parties' submissions, the Court now issues this Report and Recommendation.

On December 29, 2012, Edwards was employed as a longshoreman and was working at the loading dock servicing the Disney Magic Cruise Ship. Edwards was a forklift driver assisting in the loading and unloading of the ship in preparation for its next voyage. In performing his work Edwards drove his forklift, carrying a pallet of cargo, onto the steel dock plate inserted between the edge of the loading dock and the back of an open and empty truck trailer. As he crossed the steel plate the truck pulled away from the

dock and the forklift and plate fell about three feet to the pavement below. As a result of the incident Edwards was injured. This suit followed.

Disney asserts three bases for its Motion: 1) that there is no evidence that any acts of Disney employees proximately caused Edwards's injuries; 2) that the truck driver's driving away from the dock was a new and independent cause of Edwards's injuries; and 3) that Disney can avoid liability by relying on the expertise of the longshoremen in conducting cargo operations.

This Court will not recite the well-established summary judgment standard except to note that it must view the evidence and reasonable inferences therefrom in the light most favorable to the non-movant. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). In this case the proper disposition of Disney's Motion turns much more on facts and inferences than any nuance of negligence law.

The Parties have submitted the deposition testimony of five witnesses: Edwards; Michael Nelson, the site manager of the stevedore company; Gelindo Micheletti, the cargo checker; Crispian Large, the Provision Master for Disney's ship; and Daniel Arrington, the truck driver. Their testimony indicates that Large's assistant, Hemant Kinalaker, was also present at the scene.[1]

---

[1] The Court notes in passing, that there is evidence which contradicts some of the testimonial evidence referenced in this report.

Nelson testified that Disney arranged for cargo transportation and was responsible for informing the longshoremen what cargo was to be loaded onto which trucks at the loading dock; that the longshoremen were obliged to follow Disney's cargo instructions; that Disney verified cargo deliveries from a truck driver's paperwork and only then informed the driver he was free to go. Nelson admitted he originally blamed Micheletti for the accident and fired him, but now having looked at "some of the documents . . . its hard for me to know."

Arrington testified that his trailer doors had to be opened before he backed up to the dock; that because he lacked certification he had to remain at his truck during his unloading; that after his trailer it was unloaded Disney approved his paperwork and told him he could depart; that after starting his truck he spoke with the port's escort for about ten minutes while the air pressure in the truck's brake lines built up; that he then drove his truck forward about fifteen feet to create the space needed to close the trailer doors; and that he then heard Edwards's forklift crash to the ground.

Micheletti testified that, apparently during the ten minute delay in Arrington's departure, he was twice told by Large to have the cargo in question loaded into Arrington's trailer and actually pointed to the trailer he meant. Micheletti then instructed Edwards to load the cargo into Arrington's empty trailer.

Edwards testified that he also heard Large, or perhaps Kinalaker, tell Micheletti to load the cargo into Arrington's trailer and he, therefore, attempted to do so, but Arrington

drove the truck forward while his forklift was on the dock plate and it fell to the ground causing his injuries.

Large denied telling Micheletti or Edwards to load Arrington's trailer, but he did testify that he told Micheletti to load the cargo into a trailer on the left end of the dock which is where Arrington was docked at the time. However, according to Large, the truck he referred to had not yet arrived.

Given this testimony the Court finds that Disney's Motion must be denied. Disney controlled the loading and unloading of cargo and had a duty to exercise reasonable care in doing so. Disney's instruction that Arrington was free to go followed by its instruction to load Arrington's trailer was clearly a proximate cause of the accident; but for Large's instruction Edwards would not have attempted to load cargo onto Arrington's trailer. Under these circumstances, Arrington's actions are not a new and independent cause of Edwards's injury: Disney told Arrington to leave. This Court finds that Disney's control of Arrington's conduct coupled with the conflicting instructions made the risk of an accident foreseeable enough to expose Disney to liability for negligence. Foreseeability is the dominant consideration, Greater Houston Transp. Co. v. Phillips, 801 S.W. 2d 523, 525 (Tex. 1990), but it is not necessary to show that Disney should have anticipated the particular incident that actually occurred, Shell Oil Co. v. Humphrey, 880 S.W. 2d 170, 175 (Tex. App. -- Houston [14 Dist.] 1994, writ denied). It is enough to show that the

risk of harm should have been foreseen by Disney and avoided.  Finally, the Court finds that Disney cannot blame this accident solely upon the lack of longshoreman expertise.

For the foregoing reason this Court **RECOMMENDS** that Disney's Motion for Summary Judgment (Instrument no. 49) be **DENIED**.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **October 21, 2016**, to file written objections.  <u>The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553</u>.  Failure to file written objections within the prescribed time **SHALL** bar any Party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this     6th     day of October, 2016.

John R. Froeschner
United States Magistrate Judge