United States District Court
Southern District of Texas
**ENTERED**
February 24, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DANIEL WAYNE EDWARDS | § § § | |
| v | § § | CIVIL ACTION NO. 3:15 CV-3 |
| MAGICAL CRUISE COMPANY LIMITED D/B/A DISNEY CRUISE LINE, GRS LOGISTICS, INC., DANIEL EDWARDS ARRINGTON | § § § § | |

### FINAL JUDGMENT

1.   On January 30, 2017 the above-entitled and numbered cause was called to trial. The Plaintiff DANIEL WAYNE EDWARDS appeared in person and by and through his attorney of record and announced ready. The Defendants MAGICAL CRUISE COMPANY LIMITED, D/B/A DISNEY CRUISE LINE, GRS LOGISTICS, INC., and DANIEL EDWARD ARRINGTON appeared by and through their attorneys of record and announced ready. A jury of eight qualified citizens was duly empaneled. Plaintiff presented evidence and Defendants presented evidence and, at the conclusion of all of the evidence, the jury was charged by the Court. The jury deliberated, and on February 2, 2017 returned a unanimous 8-0 verdict in open court.

2.   The jury's verdict was as follows:

"*Question 1*

   Did the negligence, if any, of those named below proximately cause the occurrence in question?

   "Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar

1

*circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.*

*"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.*

*"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.*

*Answer "Yes" or "No" for each of the following:*

| | |
|---|---|
| *Daniel Wayne Edwards* | no |
| *Magical Cruise Company, Ltd.* | yes |
| *Daniel Arrington/GRS Logistics, Inc.* | no |
| *Suderman Contracting Stevedores, Ltd.* | yes |

*If you answered "Yes" to Question 1 for more than one of those named below, then answer the following question. Otherwise do not answer the following question.*

**Question 2**

*Assign percentages of responsibility only to those you found caused or contributed to cause the occurrence. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The percentage of responsibility attributable to any one is not necessarily measured by the number of acts or omissions found.*

*For each person you found caused or contributed to cause the occurrence, find the percentage of negligence attributable to each:*

| | |
|---|---|
| *Daniel Wayne Edwards* | 0 % |
| *Magical Cruise Company, Ltd.* | 35 % |
| *Daniel Arrington/GRS Logistics, Inc.* | 0 % |
| *Suderman Contracting Stevedores, Ltd.* | 65 % |
| ***Total*** | ***100%*** |

*CONSIDER DAMAGES ONLY IF NECESSARY*

*If Plaintiff has proved his claim against any of the Defendants by a preponderance of the evidence, you must determine the damages to which Plaintiff is entitled. You should not interpret the fact that I am giving instructions about Plaintiffs damages as an indication*

*in any way that I believe that Plaintiff should, or should not, win this case. It is your task to decide whether each Defendant is liable. I am instructing you on damages only so that you will have the guidance in the event you decide that a Defendant is liable and that the Plaintiff is entitled to recover money from any Defendant.*

*Answer Question No. 3 if you answered "Yes" for any of the Defendants in Question No. 1. and answered:*

1. *"No" for Daniel Wayne Edwards in Question No. 1, or*

2. *50% of less for Daniel Wayne Edwards to Question No. 2.*

*Otherwise do not answer Question No. 3.*

**Question No. 3**

*What sum of the money, if paid now in cash, would fairly and reasonably compensate Daniel Wayne Edwards for his injuries, if any, that resulted from the occurrence in question?*

*Consider the elements of damages listed below and none other. Consider each element separately. Do not ward any sum of money on any element if you have otherwise, under some element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.*

*Answer separately, in dollars and cents, for damages, if any. Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Daniel Wayne Edwards. Any recovery will be determined by the court when it applies the law to your answers at the time of judgement.*

*Do not include any amount for any condition existing before the occurrence in question, expect to the extent, if any, that such other condition was aggravated by any injuries that resulted from the occurrence in question.*

| | |
|---|---|
| *Reasonable expenses of necessary medical care incurred in the past.* | *Answer: 118,370.00* |
| *Reasonable expenses of necessary medical care that, in reasonable probability, Daniel Wayne Edwards will incur in the future.* | *Answer: 75,000,00* |
| *Loss of earning capacity sustained in the past.* | *Answer: 122,566.00* |
| *Loss of earning capacity that, in reasonable probability, Daniel Wayne Edwards will sustain in the future.* | *Answer: 35,000.00* |

3

| | |
|---|---|
| *Physical pain and mental anguish sustained in the past.* | Answer: 33,500.00 |
| *Physical pain and mental anguish that, in reasonable probability, Daniel Wayne Edwards will sustain in the future.* | Answer: 50,000.00 |
| *Physical impairment sustained in the past.* | Answer: 5,000.00 |
| *Physical impairment that, in reasonable probability, Daniel Wayne Edwards will sustain in the future.* | Answer: 10,000.00" |

3. Based upon the jury's verdict, Plaintiff is entitled to recover 35% of his total damages ($449,436) from Defendant MAGICAL CRUISE COMPANY LIMITED, D/B/A DISNEY CRUISE LINE only, being the sum of One Hundred Fifty-Seven Thousand Three Hundred Two and 60/100 Dollars ($157,302.60). Based upon the jury's verdict, Plaintiff's total damages sustained in the past are $97,802.60 (.35 x $279,436). These past damages accrued pre-judgment interest at the rate of Five Percent (5%) from the date of filing this lawsuit (November 26, 2014) until the date of this judgment, being the sum of Ten Thousand Seven Hundred Eighty- Five and 08/100 Dollars ($10,785.08).

4. Based upon the jury's verdict, it is hereby ORDERED, ADJUDGED and DECREED that Plaintiff DANIEL WAYNE EDWARDS have and recover from Defendant MAGICAL CRUISE COMPANY LIMITED, D/B/A DISNEY CRUISE LINE the following sum of money:

> *Actual damages in the amount of $157,302.60 plus prejudgment interest in the amount of $10,785.08 for a total sum of:*
>
> **$168,087.68**

4

5. It is further ORDERED, ADJUDGED and DECREED that the total amount of this judgment (**i.e. $168,087.68**) shall bear interest at the rate of Eight Tenths of One Percent (.8%) from the date of this judgment until fully paid.

6. It is further ORDERED, ADJUDGED and DECREED that all costs of court are taxed against Defendant MAGICAL CRUISE COMPANY LIMITED, D/B/A DISNEY CRUISE LINE.

7. It is further ORDERED, ADJUDGED and DECREED that Plaintiff DANIEL WAYNE EDWARDS have all writs and processes necessary to enforce this judgment.

8. All relief not expressly granted herein is hereby DENIED.

9. This is a final judgment disposing of all parties and all claims and is appealable.

SIGNED this 24th day of February, 2017.

George C. Hanks, Jr.
United States District Judge